## Wertman, Appellant, *v.* Frable et al.

Argued April 27, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

598

 

*Solomon Freedman,* with him *Martin H. Philip,* for appellant.

*Morris Perkin,* with him *Raymond Smith,* for appellees.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, May 25, 1942:

This is a bill in equity seeking to set aside title to a house and lot alleged to be held in fraud of a creditor. The chancellor dismissed the bill and plaintiff appeals.

The chancellor made findings, confirmed by the court in banc, which were supported by evidence. For brevity, we condense them as follows: Plaintiff is a judgment creditor of Jacob M. Frable. Leon H. German and wife orally agreed to sell a lot of ground to Ursula C. Frable, wife of Jacob M. Frable, who agreed to pay therefor $400.00. This agreement was subsequently reduced to writing. Leon H. German lent to Ursula C. Frable $149.27 to complete the home she was then erecting upon the lot. She had purchased an old building and the material from that went into the home being built by her. During the time of the purchase of the lot and the building of the house on it, Jacob M. Frable possessed no money and no property. Ursula C. Frable was the owner of a bungalow, which yielded rental of $12 to $15 per month. She had an undetermined amount of money on hand, earned by washing clothes for others. She also had a deposit in bank in the amount of $235. She gave cash to her son Norman. He deposited it in his own

name and issued checks in payment for the old property she had purchased, and in payment of material and labor which went into the home being constructed. Jacob M. Frable and his two sons, who were children of Ursula C. Frable, voluntarily and gratuitously helped in the building of the home. Neither Jacob M. Frable nor the son Norman paid for any material or labor which went into the house, it was all paid for by Ursula. She paid interest on the money owing to German. A deed was executed from German and his wife, conveying the lot to Ursula C. Frable, which was deposited with an attorney, to be held by him until he received the amount due to them from Ursula C. Frable. The attorney prepared a bond and mortgage to a bank in the sum of $500.00, which was signed by Ursula C. and Jacob M. Frable, and the bank gave to the attorney $500.00, which was distributed by him, $450.00 to the Germans, to himself an amount covering his legal services and recording costs, and the balance to Ursula C. Frable. Norman Frable was employed by his father in a planing mill for several years prior to the transactions here in issue. The father agreed to pay him wages and to provide for him board and lodging. The father did not pay the son. The son lent his father sums aggregating $560.95, which was never repaid. Ursula C. Frable died, and a few days thereafter, Jacob M. Frable executed and delivered a deed to Norman, conveying the one-third undivided interest which had come to him as a result of the death of his wife intestate. The deed from Jacob M. Frable to his son was executed and delivered for a consideration which was in full payment and satisfaction of all debts owing by the father to the son, amounting to $1,151.95. The interest of the father in the property was purchased by the son in good faith and for a full and fair consideration. The value of the property is $3,000.00.

On the foregoing findings, the court concluded as a matter of law, that the transactions by which Ursula C. Frable acquired the lot and built the home thereon, were

not fraudulent as to plaintiff and were not executed as a plan or conspiracy to defraud him, that Jacob M. Frable was never the real owner of the property, except as he acquired the one-third interest as a result of his wife's death, and that the conveyance of this one-third interest to his son was made for a full and fair consideration, in good faith and was not fraudulent as to the plaintiff. We think the findings and conclusions were correct and just.

Decree affirmed at appellant's cost.